# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE: JOSEPH RAYMOND FRANK, JR.
  TANGER R. FRANK

| | |
|---|---|
| ANTHONY T. MARSHALL | CIVIL ACTION |
| VERSUS | NO. 10-0881 |
| R. MICHAEL BOLEN<br>UNITED STATES TRUSTEE | SECTION: "C" (1)<br>BANK. NO.: 09-11933 "B" |

## ORDER AND REASONS

Before the Court is an appeal by Anthony Marshall ("Marshall") from the Bankruptcy Court's reduction by $500 of his attorney's fees in his representation of the debtors in the above captioned matter. He seeks review of whether he was entitled to an evidentiary hearing prior to the imposition of a reduction in his fees. (Rec. Doc. 5 at 4). The appeal is before the Court on the briefs without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that judgment of the Bankruptcy Court should be AFFIRMED for the following reasons.

Marshall represented Joseph and Tanger Frank in their petition filed under chapter 13 of the Bankruptcy Code. (Rec. Doc. 1-3 at 10). On a Motion for Examination of Debtor's Transactions with Debtors' Attorney pursuant to 11 U.S.C. § 329 Federal Rule of Bankruptcy Procedure 2017(b) by the U.S. Trustee, the Bankruptcy Court ordered that the standard $2,250 in attorney's fees for Chapter 13 cases be reduced by $500. (Rec. Doc. 1-1).

In his Motion, the U.S Trustee cited a number of errors and deficiencies committed by

Marshall in his representation of the Franks, including, *inter alia*:

> 1) that the Debtors complained that "Marshall has not assisted them in the prosecution of their bankuptcy case" and failed to return phone calls;
>
> 2) that Marshall filed a motion with the incorrect case number;
>
> 3) that Marshall filed a deficient motion to continue and failing to submit a proposed order; and
>
> 4) that Marshall failed to appear at a December 2009 confirmation hearing.

*In re Joseph Raymond Frank, Jr., Tanger R. Frank*, Bankr. E.D. La. Case No. 09-11933 Rec. Doc. 39 at 2. The motion was noticed for hearing on January 20, 2010. *Id.* Rec. Doc. 40. Marshall opposed the motion, arguing that he had been under the mistaken impression that his attendance at the December confirmation hearing was unnecessary and that he was in frequent communication with the debtors. *Id.* Rec. Doc. 42. He also attached an affidavit by the debtors in which they attested that they wanted Marshall to continue representing them. *Id.* at 3.

According to the U.S. Trustee, at the January 20 hearing both Marshall and the U.S. Trustee argued the motion, and the court questioned Mr. Frank about Marshall's services. (Rec. Doc. 11 at 9). The court then offered Marshall a choice between a $500 reduction or a more thorough evidentiary hearing regarding his services, noting however that the hearing could result in an increase in the penalties if Marshall failed to demonstrate adequate services. (Rec. Doc. 11 at 9).

Marshall asserts that per Bankruptcy Rule 2017(b) his fees may only be reduced after notice *and a hearing*, which he did not receive. (Rec. Doc. 5 at 9). He protests that Bankruptcy Court's refusal to allow him to introduce telephone records demonstrating his communications with the

debtors or the testimony of the debtors. (Rec. Doc. 5 at 9).

A federal district court reviews a bankruptcy court's award or denial of compensation for abuse of discretion. *Caplin & Drysdale Chartered v. Babcock & Wilcox Co.*, 526 F.3d 824, 826 (5th Cir. 2008).

Federal Rule of Bankruptcy Procedure 2017(b) reads:

Payment or transfer to attorney after order for relief

> On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

Here, it is undisputed that there was both notice and hearing. The only question is whether the court's limitations on the scope of the hearing were justified. However, the Fifth Circuit has held that "[w]here a matter has already been adequately argued before the bankruptcy judge, and the judge determines that no further hearings are necessary, then the debtor's due process rights are not violated when the judge decides the issue without further hearings." *Matter of Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 727 (5th Cir. 1991). In this case, the judge held a somewhat limited hearing and even gave the appellant the opportunity for an additional hearing, at his own risk, which the appellant declined. The Court cannot conclude that the Bankruptcy Court's resultant order was an abuse of discretion. The Court adds that Marshall should perhaps consider taking fewer cases so that each can be given the attention it deserves.

Accordingly,

IT IS ORDERED that the Bankruptcy Court's ruling is AFFIRMED.

New Orleans, Louisiana, this 16th day of August, 2010.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**